United States District Court
Southern District of Ohio

James Surgenor
    Plaintiff

v.

Gary Moore

Thomas Shweitzer

Douglas Luneke

Tyler Ley

Tenet Bell

Brian Holley

Quillen Berry
    Defendants

COMPLAINT
Civil Action No. 1:16CV1179

J. BLACK

M.J. LITKOVITZ

## I. JURISDICTION & VENUE

1. This is a civil action authorized by 42 U.S.C. Section 1983 to redress the deprivation, under color of State law, of rights secured by the Constitution of the United States. The court has jurisdiction under 28 U.S.C. Section 1331 and 1343 (a)(b). Plaintiff seeks declaratory relief pursuant to 28 U.S.C. Section 2201 and 2202. Plaintiff's claims for injunctive relief are authorized to 28 U.S.C. Section 2283 and 2284 and Rule 65 of the Federal Rules of Civil Procedure.

2. The United States District Court Southern District of Ohio is an appropriate venue under 28 U.S.C. Section 1391 (b)(2) because it is where the events giving rise to this claim occurred.

## II. PLAINTIFFS

3. Plaintiff, **James N. Surgenor**, is and was at all times mentioned herein a **Prisoner** of the State Of Ohio in the custody of The Ohio Department of Rehabilitation and Corrections. He is currently confined in Lebanon Correctional Institution, in Lebanon, Ohio.

## III. DEFENDANTS

4. Defendant, **Gary Moore** is the **Director** of the state of Ohio Department of Rehabilitation and Corrections. He is legally responsible for the overall operation of the Ohio Department of Rehabilitation and Corrections and each institution under its jurisdiction, including Lebanon Correctional Institution.
5. Defendant, **Thomas Schweitzer** is the **Warden** of Lebanon Correctional Institution. He is legally responsible for the operation of Lebanon Correctional Institution and for the welfare of all inmates within that prison.
6. Defendant, **Douglas Luneke** is the **Deputy Warden of Operations** at Lebanon Correctional Institution. He is legally responsible for the operations of his assigned department at Lebanon Correctional Institution and for the welfare of all inmates within that prison.
7. Defendant, **Tyler Ley** is a Correctional Officer of the Ohio Department of Rehabilitation and Corrections who, at all times mentioned in this complaint, held the rank of **Officer** and was assigned to Lebanon Correctional Institution.
8. Defendant, **Tenet Bell** is a Correctional Officer of the Ohio Department of Rehabilitation and Corrections who, at all times mentioned in this complaint, held the rank of **Lieutenant** and was assigned to Lebanon Correctional Institution.
9. Defendant, **Brian Holley** is a Correctional Officer of the Ohio Department of Rehabilitation and Corrections who, at all times mentioned in this complaint, held the rank of **Officer** and was assigned to Lebanon Correctional Institution.
10. Defendant, **Quillen Berry** is a Correctional Officer of the Ohio Department of Rehabilitation and Corrections who, at all times mentioned in this complaint, held the rank of **Lieutenant** and was assigned to Lebanon Correctional Institution.

## IV. Facts

11. On, Thursday, October 27, 2016, on or about 18:15 inmate James N. Surgenor was on the way to dinner at Lebanon Correctional Institution (LeCI[Lebanon, Ohio]) (Ohio Department of Rehabilitation and Corrections [ODRC]) when he was stopped by Officer Holley and made to stand and wait for the end of the line due to the inmate walking too far to the left in the hallway. The inmate complied with the Officer's directive and stepped out of line and stood by Officer Holley. Inmate Surgenor the states that Officer Holley stated to another Officer on-duty, "These mother-fuckers are always in such a hurry." Officer Holley then asked inmate Surgenor if he was in a hurry. Inmate Surgenor replied in the affirmative and stated,"I have a pass (and institutional pass is a certification permitting inmates movement to an assigned destination within the prison LeCI) to get to so I am trying to eat and get to it on time."
12. Officer Holley then approached Mr. Surgenor in an aggressive way and stated, "Fuck your pass!" The Officer then took the inmate's pass and ordered inmate Surgenor to return to his block (C-block is the inmate's assigned housing unit within the prison). At this time, inmate Surgenor made Officer Holley aware that he had not yet eaten dinner. Officer Holley then

stated, "Well you should not have got on my nerves." Inmate Surgenor then returned to his assigned housing unit and approached the block Officer, Officer Davis, and told the Officer about the situation. Officer Davis then wrote inmate Surgenor a C/O pass to go directly to the 3rd chow hall (dining hall) and eat dinner.

13. Inmate Surgenor then attempted to go back down the main hallway, with pass in hand, in the direction of the 3rd chow hall to eat dinner. Once again Officer Holley stopped the inmate and said to him, "I told you to go back to your fucking block!" Inmate Surgenor then handed Officer Holley the pass Officer Davis wrote, giving him permission to eat dinner. Officer Holley took the pass and said, "I don't give a fuck about this pass! Fuck you and fuck your passes! You are not going to chow!" Inmate Surgenor then told Officer Holley that he did not have the right nor the authority to deny him food. Officer Holley then took possession of the inmate's identification badge and said, "There, now go to chow cock-sucker." Inmate Surgenor then stated to Officer Holley that the food service worker would not allow him to eat without his identification badge, which must be scanned at each meal. Officer Holley then ordered inmate Surgenor to violate the inmate Code of Conduct and lie to the staff in the chow hall by telling them that I "lost" my identification. Inmate Surgenor then told Officer Holley, "But I didn't lose it. You have it right there." Officer Holley then stated, "Well if you want to eat chow you better think of something to tell them." So, Inmate Surgenor then headed back towards the 3rd chow hall. As he did he said under his breath, "I can't believe he can just call me a mother-fucker and get away with it." Another Officer heard this and told Officer Holley that inmate Surgenor had called the Officer a mother-fucker. This statement was false and unsubstantiated by any evidence other than hearsay.

14. Inmate Surgenor was then stopped by Officer Brown once he reached the main intersection of the hallway and was ordered to turn around and go get his identification. The inmate told Officer Brown that Officer Holley had his identification and would not give it back. The inmate also made Officer Brown aware that he was just trying to eat dinner and that Officer Holley would not let him. Officer Holley saw inmate Surgenor talking to Officer Brown and began stomping down the hallway shouting, "Is that little cock-sucker giving you a hard time as well?" Officer Holley and Officer Brown began discussing the issue at hand with each other while Officer Holley called inmate Surgenor a "cock-sucker, mother-fucker, bitch, and asshole" multiple times. Inmate Surgenor then requested to speak to a supervisor about Officer Holley's behavior and refusal to let the inmate eat dinner.

15. After three requests to speak to a supervisor, Officer Holley placed inmate Surgenor in handcuffs and took him to the Captain's Office. Once in the Captain's office Lt. Berry entered to assess the situation. She asked, "So what seems to be the problem?" Inmate Surgenor began to speak when Lt. Berry stated, "Shut the fuck up. I was not talking to you." Officer Holley then began to tell his side of the story and lied to the Supervisor regarding the facts of the situation. Lt. Berry then took inmate Surgenor out of Handcuffs and told him to stand on the wall in the hallway outside of the Captain's office. While inmate Surgenor was walking to the hallway he informed Lt. Berry that he still had not eaten dinner. Officer Holley had also told her that the inmate had not eaten yet. Lt. Berry also refused to let the inmate eat dinner. On three other instances inmate Surgenor was refused chow as punishment for the events with Officer Holley. Inmate Surgenor was not allowed to return to his cell until two hours after he began standing in the hallway. This caused significant pain to the inmate due to the arthritis he has in his feet as well as previous back surgery (L5-S1) disc-ectomy. All Institutional grievance procedures were exhausted.

16. The following day, Friday, October 28, 2016, on or about 18:15 on the way to dinner, inmate Surgenor was walking to dinner with his block (C-block) when he noticed Officer Holley standing in the hallway. Officer Holley said to another Officer, "Has anybody seen my little buddy tonight? I haven't seen him yet." Another Officer then pointed at inmate Surgenor and said, "There he is!" Officer Holley turned to notice the inmate coming towards him and said loudly, "There's the little cock-sucker. Enjoy your meal tonight cock-sucker." All institutional grievance procedures were exhausted.

17. On , November 3, 2016, on or about 18:15 on the way to dinner inmate Surgenor was stopped by Officer Ley instructed inmate Surgenor to step out of line and stand facing the wall with his hands on the wall. Inmate Surgenor complied with this directive. Officer Ley then instructed the inmate to spread his feet three separate times until the inmate's legs were spread at an uncomfortable distance apart (triple shoulder width). Officer Ley then instructed inmate Surgenor to step back, with his hands still on the wall, three separate times. The inmate complied with the Officer's directive and was now standing very uncomfortably at a sharp angle and was barely able to remain standing. Officer Ley then began patting inmate Surgenor down. He patted up and down the inmate's legs and felt his socks. He did this while jamming his left hip into the inmate's rear end hard causing significant pain to the inmate's back muscles and feet. The inmate began trembling under the pressure of the Officer's force. While Officer Ley patted the inmate down he stated to the inmate that if he ever heard from anyone ever that the inmate wrote up anymore of his co-workers...ever...that him and the inmate would be having a completely different conversation where there were no cameras. Officer Ley also referred to the inmate as a "fagot and bitch" multiple times. Inmate Surgenor followed the inmate grievance procedure and exhausted all options. Investigate Tabor spoke with the inmate about the situation and the inmate wished to file a PREA harassment complaint against Officer Ley. The investigator told inmate Surgenor that he can file it, but that the investigator didn't see anything in the video that was of a sexual nature and that if the inmate filed it still, after knowing that, then the inmate would be placed in segregation under investigation and that disciplinary proceedings would be taken against the inmate. Inmate Surgenor decided to NOT file the complaint on advice of the investigator.

18. When attempting to resolve the matter with the Warden of Lebanon Correctional Institution, Thomas Schweitzer, inmate Surgenor sent a kite (inmate-to-staff correspondence) detailing the facts of the situation on October 27, October 28, and November 3, 2016, Warden Schweitzer failed in his duties to resolve the complaint by replying to inmate Surgenor, "You received a conduct report for your behavior. I suggest you follow the rules." Inmate Surgenor exhausted all inmate grievance procedures.

19. On, October 27, 2016, Inmate Surgenor filed an Informal Complaint Resolution with the Deputy Warden of Operations, Douglas Luneke, regarding the inmate's complaint of the situation and of being denied food on several occasions as punishment for "bad behavior". Inmate Surgenor informed him of the behavior of Officer Holley, Officer Ley, Lt. Berry and the Warden. The inmate told him of the failure of his staff to ensure the health and well-being of the inmate by making sure he was fed a nutritious meal. No matter what the inmate's behavior was, the staff was obligated to follow AR5120-9-04 and AR5120-1-8-10(B) of the Department's policy. The Deputy Warden replied to the inmate's kite with, "...You are not filing anything (in response to the inmate's declaration that his civil rights had been violated by ODRC staff). It sounds as if your behavior landed you in the Captain's office. My rec. to you is to follow the rules." This response does nothing to combat the obvious denial of inmate Surgenor's Civil Rights.

## V. EXHAUSTION OF LEGAL REMEDIES

20. Plaintiff James N. Surgenor used the grievance procedure available at Lebanon Correctional Institution to try and solve the problem. On, November 3, 2016, plaintiff James N. Surgenor presented facts relating to this complaint. On, November 23, 2016, plaintiff James N. Surgenor was sent a response saying that the grievance was denied. On December 8, 2016, he appealed the denial of the grievance and the appeal was denied. This exhausted all legal remedies in this matter.

## VI. LEGAL CLAIMS

21. Plaintiff re-alleges and incorporates by reference paragraphs 1-20.

22. The "Deliberate Indifference" to the inmate's health and well-being, sexual discrimination and harassment violated plaintiff James N. Surgenor's rights and constituted cruel and unusual punishment and sexual discrimination under the Eighth and Fourteenth Amendments to the Constitution of The United States of America.

23. The plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs described herein. Plaintiff has been and will continue to be irreparably injured or harmed by the continuing conduct of the defendants unless this court grants the declaratory and injunctive relief the plaintiff seeks.

## VII. PRAYER FOR RELIEF

Wherefore, plaintiff respectfully prays that this court enter a judgment granting plaintiff:

24. A declaration that the acts and omissions described herein violated the plaintiff's right under the Constitution and laws of the United States.

25. A preliminary and permanent injunction ordering defendants Gary Moore, Thomas Schweitzer, Douglas Luneke, Quillen Berry, Tenet Bell, Brian Holley and Tyler Ley to stop denying inmate Surgenor the right to eat three meals a day of a nutritious and life sustaining quantity as directed by the Administrative Regulations of the Department.

26. Put in place a policy forbidding any staff member, contractor, or volunteer from using profane language or sexual comments/descriptions/actions as a way to describe, identify, or communicate at/with inmates of all institutions within the jurisdiction of the Ohio Department of Rehabilitation and Corrections.

27. Punitive damages in the amount of $50,000.00 against each defendant separately.

28. A jury trial on all issues triable by jury.

29. Plaintiff's costs in this suit.

**30.** Any additional relief this court deems just, proper, and equitable.

Respectfully Submitted

James N. Surgenor 699-688
LeCI
P.O. Box 56
Lebanon, Ohio 45036

## VERIFICATION

I have read the foregoing complaint and hereby verify that the matters alleged therein are true, except as to matters alleged on information and belief, and, as to those, I believe them to be true. I certify under penalty of perjury that the foregoing is true and correct.

Executed at Lebanon, Ohio on December 23, 2016

James N. Surgenor
Plaintiff