UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| JAMES SURGENOR,<br>Plaintiff, | Case No. 1:16-cv-1179 |
| vs. | Black, J.<br>Litkovitz, M.J. |
| GARY MOORE, et al.,<br>Defendants. | **REPORT AND<br>RECOMMENDATION** |

Plaintiff, an inmate at the Lebanon Correctional Institution (LeCI), brings this civil rights action under 42 U.S.C. § 1983 against defendants Gary Moore, Thomas Schweitzer, Douglas Luneke, Tyler Ley, Tenet Bell, Brian Holley, and Quillen Berry. By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or

law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall,* 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin,* 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke,* 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)); *see also Hill,* 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly,* 550 U.S. at 555 (quoting *Papasan v. Allain,* 478 U.S. 265, 286

(1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

In the complaint, plaintiff alleges that on October 27, 2016, defendant Officer Holley stopped plaintiff on the way to dinner, took his pass, and ordered him to return to his housing unit without eating dinner. (Doc. 1-1, Complaint at PageID 7). According to plaintiff, he informed Holley that he had not yet eaten, to which Holley responded, "Well you should not have got on my nerves." (*Id.* at PageID 8). After returning to his housing unit and discussing the matter with Officer Davis, Davis wrote plaintiff a pass to go back to the dining hall.

Holley again stopped plaintiff on the way to the dining hall, this time taking plaintiff's identification badge and stating, "There, now go to chow cock-sucker." (*Id.*). When plaintiff told Holley that he needed his identification badge to eat, Holley allegedly ordered plaintiff to say that he had lost his identification.

Plaintiff was stopped by Officer Brown on the way to the dining hall and told to turn around and get his identification badge. Plaintiff indicates that he told Brown that Holley took his identification and would not give it back to him. During the course of plaintiff's conversation with Brown, plaintiff alleges that Holley came towards them yelling, "Is that little cock-sucker giving you a hard time as well?" (*Id.*). Plaintiff further alleges that Holley called

3

him "cock-sucker, mother-fucker, bitch, and asshole" multiple times. (*Id.*). Plaintiff requested to speak to a supervisor and was eventually handcuffed and taken to the captain's office.

Once at the captain's office, plaintiff alleges that defendant Lt. Berry indicated that she was not interested in hearing from plaintiff. According to plaintiff, Holley reported a fabricated version of the facts. Berry next took plaintiff out of the handcuffs and instructed him to stand on the wall in the hallway outside of the captain's office. Plaintiff claims he informed Berry that he had not yet eaten, but that Berry also refused to allow him to eat. Plaintiff further alleges that he has been refused dinner on three other occasions "as punishment for the events with Officer Holley." (*Id.* at PageID 8). Plaintiff claims he was not allowed to return to his cell for two hours, causing significant pain due to arthritis in his feet and a previous back surgery.

Plaintiff claims that the following day on the way to dinner, Holley said to another officer "Has anybody seen my little buddy tonight? I haven't seen him yet." (*Id.* at PageID 9). After the other officer pointed plaintiff out, Holley stated "There's the little cock-sucker. Enjoy your meal tonight cock-sucker." (*Id.*).

Next, plaintiff alleges that defendant Officer Ley, stopped him on the way to dinner on November 3, 2016. According to plaintiff, Ley ordered him to stand facing the wall with his hands on the wall and his legs spread at an uncomfortable distance apart. Ley instructed plaintiff to step back three times while keeping his hands against the wall. He further alleges that Ley then patted him down and jammed "his left hip into the inmate's rear end hard causing significant pain to the inmate's back muscles and feet." (*Id.*). Plaintiff claims Ley called him a "faggot and bitch" multiple times and warned him that "if he ever heard from anyone ever that the inmate wrote up anymore of his co-workers. . . ever. . . that him and the inmate would be having a completely different conversation where there were no cameras." (*Id.*).

4

Plaintiff alleges that he has exhausted all his administrative grievances regarding the above incidents. He claims that he sent defendant Warden Schweitzer a kite, but that Schweitzer failed in his duties to resolve the complaint. Plaintiff also alleges that he filed an Informal Complaint Resolution with defendant Douglas Luneke, the LeCI Deputy Warden of Operations. Plaintiff claims that Luneke's response did nothing to address the denial of his rights.

Based on the above factual allegations, plaintiff claims that "[t]he 'Deliberate Indifference' to the inmate's health and well-being, sexual discrimination and harassment violated plaintiff James N. Surgenor's rights and constituted cruel and unusual punishment and sexual discrimination under the Eighth and Fourteenth Amendments to the Constitution of the United States of America." (*Id.* at PageID 10). For relief, plaintiff seeks declaratory, injunctive, and monetary damages. (*Id.*).

Plaintiff's complaint should be dismissed for failure to state a claim upon which relief may be granted. As an initial matter, the complaint should be dismissed as to defendant Bell, as plaintiff fails to make any factual allegation against this defendant in the complaint.

To the extent that plaintiff seeks to hold defendants Ley, Holley, or Berry liable for threats and verbal harassment, his allegations do not rise to the level of a constitutional violation. It is well-settled that "[v]erbal harassment or idle threats by a state actor do not create a constitutional violation and are insufficient to support a section 1983 claim for relief." *Wingo v. Tennessee Dep't of Corr.*, 499 F. App'x 453, 455 (6th Cir. 2012) (citing *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987)); *see also Violett v. Reynolds*, 76 F. App'x 24, 27 (6th Cir. 2003) (in affirming dismissal of Eighth Amendment claim based on a correctional employee's "alleged offer of sexual favors," the Sixth Circuit stated that "verbal abuse and harassment do not constitute punishment that would support an Eighth Amendment claim"); *Montgomery v.*

*Harper,* No. 5:14CV-P38-R, 2014 WL 4104163, at *2 (W.D. Ky. Aug. 19, 2014) (and Sixth Circuit cases cited therein) (dismissing an inmate's § 1983 claim alleging "verbal harassment" and "abusive language" by a state correctional officer). *Cf. Matthews v. Norristown State Hosp.,* 528 F. App'x 115, 119 (3rd Cir. 2013) (and Sixth, Fifth and Tenth Circuit cases cited therein) ("mere threatening language does not amount to a constitutional violation"). Therefore, plaintiff has not stated a viable claim for relief under the Eighth Amendment to the extent he alleges that defendants verbally harassed and threatened him.

Plaintiff's allegation of sexual discrimination also fails to state a claim upon which relief may be granted. It appears that plaintiff bases his claim of sexual discrimination on the comments and verbal harassment alleged in the complaint. For relief, plaintiff requests "a policy forbidding any staff member, contractor, or volunteer from using profane language or sexual comments/descriptions/actions as a way to describe, identify, or communicate at/with inmates." (*Id.*). However, as noted above, verbal harassment and abusive language—no matter how reprehensible—is insufficient to state a claim for relief under § 1983. *See, e.g., Vega v. Artus,* 610 F. Supp.2d 185, 209 (N.D.N.Y. Mar. 26, 2009) (finding that harassing comments based on perceived homosexuality were insufficient to state a claim of discrimination under the Equal Protection Clause); *Clinton v. Geovenetti,* No. CV 08-4178, 2013 WL 5379487, at *5 (C.D. Cal. Sept. 20, 2013) (finding that the plaintiff failed to state a claim under the Equal Protection Clause based on sexual orientation discrimination where "[t]he only alleged discrimination by Defendant is verbal abuse and derogatory remarks concerning homosexuals."). Therefore, plaintiff's claims of sexual discrimination should be dismissed.

Plaintiff's allegation that he has been denied meals on several occasions also does not rise to the level of an Eighth Amendment violation. The Eighth Amendment requires prison officials

6

"to provide humane conditions of confinement" and to "ensure that inmates receive adequate food, clothing, shelter, and medical care. . . ." *Farmer v. Brennan,* 511 U.S. 825, 832 (1994). "Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey v. Wilson,* 832 F.2d 950, 954 (6th Cir. 1987). Rather, "[t]he Eighth Amendment is concerned only with 'deprivations of essential food, medical care, or sanitation,' or 'other conditions intolerable for prison confinement.'" *Richmond v. Settles,* 450 F. App'x 448, 455–56 (6th Cir. 2011) (quoting *Rhodes v. Chapman,* 452 U.S. 337, 348 (1981)). Therefore, to establish an Eighth Amendment violation, a plaintiff must first demonstrate objectively the unique deprivation of "the minimal civilized measure of life's necessities." *Id.* at 454 (quoting *Rhodes,* 452 U.S. at 347); *see also Brown v. Bargery,* 207 F.3d 863, 867 (6th Cir. 2000) (citing *Farmer,* 511 U.S. at 834) ("[T]he inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm."). He then must subjectively show the defendant acted "wantonly, with deliberate indifference to the plaintiff's serious needs." *Richmond,* 450 F. App'x at 455 (citing *Farmer,* 511 U.S. at 834).

In this case, plaintiff's allegations do not rise to the level of an Eighth Amendment violation. The discomfort experienced by a prisoner when some meals are denied over a short period of time does not rise to the level of "wanton infliction of pain" so long as the prisoner continues to receive adequate nutrition. *Richmond,* 450 F. App'x at 456. Although plaintiff claims he was denied meals on several occasions, this does not amount to cruel and unusual punishment under the Eighth Amendment. *See Cunningham v. Jones,* 667 F.2d 565, 566 (6th Cir. 1982) (serving a prisoner one meal per day for fifteen days did not violate the prisoner's Eighth Amendment rights where that meal was sufficient to maintain normal health for the 15–

day time period). *Cf. Wilson v. Johnson*, 385 F. App'x 319, 320 (4th Cir. 2010) (finding that prisoner stated a cognizable Eighth Amendment claim regarding inadequate nutrition when he asserted that he lost twelve pounds in a month because of inadequate portions). Plaintiff has neither alleged that the meal plan deprives him of adequate nutrition, nor has he alleged any harm as a result of missing meals. *See, e.g., Price v. Jones*, Case No. 1:12-cv-360, 2012 WL 1854299, at *4 (S.D. Ohio May 4, 2012) (Report and Recommendation) (recommending dismissal of Eighth Amendment claim based on the plaintiff's failure to allege that his health suffered as a result of alleged inadequacies in the prison meal plan), *adopted*, 2012 WL 2269265, at *1 (S.D. Ohio June 18, 2012); *White v. Gregory*, 1 F.3d 267, 269 (4th Cir. 1993) (finding allegation that prisoner was forced to go without food for eighteen hours on the weekends failed to rise to a violation of the Eighth Amendment without any showing of deleterious effects of the meal plan).[1]

Finally, plaintiff's claims against Gary Moore, Thomas Schweitzer, and Douglas Luneke should be dismissed. Plaintiff seeks to hold these defendants liable based on their alleged failure to take corrective action in response to his grievances and/or complaints. However, prison officials whose only roles "involve their denial of administrative grievances and their failure to remedy the alleged [unconstitutional] behavior" cannot be liable under § 1983. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Nor does a prison official's alleged failure to adequately investigate claims of misconduct rise to the level of "encouragement" that would make the official liable for such misconduct. *Knop v. Johnson,* 977 F.2d 996, 1014 (6th Cir. 1992); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984).

---

[1] Plaintiff does not appear to raise an excessive force claim in the complaint. In any event, the undersigned finds that plaintiff's allegations that defendant Barry forced him to stand in the hallway for two hours and defendant Lay jammed his left hip into plaintiff's buttocks during the course of a pat down do not rise to the level of an excessive use of force under the Eighth Amendment. *See Hudson v. McMillian*, 503 U.S. 1 (1992).

8

To the extent that plaintiff wishes to hold any of these defendants liable in their supervisory capacity, it is well-settled that the doctrine of *respondeat superior* does not apply in § 1983 lawsuits to impute liability onto supervisory personnel. *See, e.g., Wingo v. Tenn. Dep't of Corr.*, 499 F. App'x 453, 455 (6th Cir. 2012) (citing *Polk Cnty. v. Dodson,* 454 U.S. 312, 325 (1981)). "In order to find supervisory personnel liable, a plaintiff must allege that the supervisors were somehow personally involved in the unconstitutional activity of a subordinate, . . . or at least acquiesced in the alleged unconstitutional activity of a subordinate." *Id.* (citing *Dunn v. Tennessee*, 697 F.2d 121, 128 (6th Cir. 1982); *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir. 1984)); *see also Colvin v. Caruso,* 605 F.3d 282, 292 (6th Cir. 2010) (quoting *Cardinal v. Metrish*, 564 F.3d 794, 803 (6th Cir. 2009)) (to succeed on claim against supervisory state prison officials, the plaintiff must show the officials "at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending officers"). Therefore, in the absence of any such allegations, plaintiff's claim that defendants Gary Moore, Thomas Schweitzer, and Douglas Luneke failed to take corrective action to address plaintiff's concerns is simply insufficient to give rise to an actionable § 1983 claim.

Accordingly, in sum, the complaint should be dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

### IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's complaint be **DISMISSED** with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith

and therefore deny plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Date: 2/1/17

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JAMES SURGENOR,
    Plaintiff,

vs.

GARY MOORE, et al.,
    Defendants.

Case No. 1:16-cv-1179

Black, J.
Litkovitz, M.J.

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), WITHIN 14 DAYS after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections WITHIN 14 DAYS after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).