UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JAMES SURGENOR,
  Plaintiff,

vs.

GARY MOORE, et al.,
  Defendants.

Case No. 1:16-cv-1179
Black, J.
Litkovitz, M.J.

**REPORT AND
RECOMMENDATION**

Plaintiff, an inmate at the Lebanon Correctional Institution (LeCI), brings this civil rights action under 42 U.S.C. § 1983 against numerous LeCI employees claiming violations of his constitutional rights. This matter is before the Court upon plaintiff's motion for a temporary restraining order and affidavits in support thereof. (Docs. 9, 11).

Plaintiff seeks an injunction enjoining defendants, their officers, agents, employers, and all persons acting in concert or participation with them from:

> 1. Any physical or verbal communication or contact with the plaintiff, James N. Surgenor during the course of the complaint, unless recorded by digital media and stored in a secured location so as to provide access to the Court, officers of the Court, all persons acting by order of the Court, and upon request by the plaintiff.
>
> 2. Discussing any details of the complaint with anyone other than legal representation, the Court, the plaintiff's legal counsel, or any other person unless given permission by the Court.
>
> 3. Any contact or communication, in any way or matter, with the plaintiff's family.
> . . .

(Doc. 9, PAGEID#: 51).

In determining whether to issue a temporary restraining order/preliminary injunction, this Court must balance the following factors:

> 1. Whether the party seeking the injunction has shown a "strong" likelihood of success on

the merits;

 2. Whether the party seeking the injunction will suffer irreparable harm absent the injunction;

 3. Whether an injunction will cause others to suffer substantial harm; and

 4. Whether the public interest would be served by a preliminary injunction.

*Overstreet v. Lexington–Fayette Urban Cty. Gov.*, 305 F.3d 566, 573 (6th Cir. 2002) (citing *Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000)). The four factors are not prerequisites, but must be balanced as part of a decision to grant or deny injunctive relief. *Id.; Leary*, 228 F.3d at 736. "[A] district court is not required to make specific findings concerning each of the four factors used in determining a motion for preliminary injunction if fewer factors are dispositive of the issue." *Jones v. City of Monroe*, 341 F.3d 474, 476 (6th Cir. 2003). When a prisoner requests an order enjoining a state prison official, the Court must "proceed with caution and due deference to the unique nature of the prison setting." *White v. Corr. Med. Servs.*, No. 1:08-cv-277, 2009 WL 529082, at *2 (W.D. Mich. Mar. 2, 2009) (citing *Kendrick v. Bland*, 740 F.2d 432, 438 n. 3 (6th Cir. 1984); *Ward v. Dyke*, 58 F.3d 271, 273 (6th Cir. 1995)). In deciding if a preliminary injunction is warranted, the Court must "weigh carefully the interests on both sides." *Lang v. Thompson*, No. 5:10-cv-379-HRW, 2010 WL 4962933, at *4 (E.D. Ky. Nov. 30, 2010) (citing *Doran v. Salem Inn, Inc.*, 422 U.S. 922, 931 (1975)). A preliminary injunction is an extraordinary remedy that should only be granted if the movant carries his burden of proving that the circumstances clearly demand it. *Leary*, 228 F.3d at 739.

 Plaintiff has not alleged facts sufficient to warrant a temporary restraining order/ preliminary injunction in this case. Plaintiff has made no attempt to apply the above factors to his situation. He has not established a substantial likelihood of success on the merits of his

constitutional claims or that he will suffer irreparable harm absent an injunction. In the event plaintiff succeeds on the merits of his claims, equitable relief is available to correct any ongoing constitutional harms plaintiff alleges.

A preliminary injunction is also not warranted in this case because the purpose of a preliminary injunction -- to preserve the status quo until a trial on the merits can be held, *see Southern Milk Sales, Inc. v. Martin*, 924 F.2d 98, 102 (6th Cir. 1991) -- would not be served. The present status quo in this case is, according to plaintiff, that he has suffered numerous violations of his constitutional rights. The remedy plaintiff presently seeks is more than an injunction maintaining the status quo: he seeks an Order from this Court requiring defendants during the pendency of this lawsuit to limit their communications with plaintiff in ways that would intrude on the daily operations of the prison. The factual averments in this case do not merit such an intrusion at this juncture.

Accordingly, it is **RECOMMENDED** that plaintiff's motion for preliminary injunction be **DENIED**.

Date: 3/8/17

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JAMES SURGENOR,
    Plaintiff,

vs.

GARY MOORE, et al.,
    Defendants

Case No. 1:16-cv-1179
Black, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).