UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JAMES SURGENOR,
    Plaintiff,

vs.

GARY MOORE, et al.,
    Defendants.

Case No. 1:16-cv-1179

Black, J.
Litkovitz, M.J.

**SUPPLEMENTAL REPORT AND RECOMMENDATION**

Plaintiff, an inmate at the Lebanon Correctional Institution (LeCI), brings this civil rights action under 42 U.S.C. § 1983 against defendants Gary Moore, Thomas Schweitzer, Douglas Luneke, Tyler Ley, Tenet Bell, Brian Holley, and Quillen Berry. (Doc. 3). On February 1, 2017, the undersigned issued a Report recommending that the complaint be dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1). (Doc. 4). This matter is before the Court on plaintiff's motion to amend the complaint. (Doc. 11).

The granting or denial of a motion to amend pursuant to Fed. R. Civ. P. 15(a) is within the discretion of the trial court. Leave to amend a complaint should be liberally granted. *Foman v. Davis,* 371 U.S. 178 (1962). The Court should consider factors such as undue delay, bad faith or dilatory motive on the part of the movant, the repeated failure to cure deficiencies by amendments previously allowed, lack of notice to the opposing party, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of amendment. *Brumbalough v. Camelot Care Centers, Inc.,* 427 F.3d 996, 1001 (6th Cir. 2005) (citing *Brooks v. Celeste,* 39 F.3d 125, 130 (6th Cir. 1994)). The Court may deny the motion to amend where the complaint, as amended, could not withstand a motion to dismiss. *Miller v. Calhoun County,* 408 F.3d 803 (6th Cir. 2005) (citing *Neighborhood Development Corp. v. Advisory Council on*

*Historic Preservation, Department of Housing and Urban Development, City of Louisville*, 632 F.2d 21, 23 (6th Cir. 1980)); *Matthews v. Jones*, 35 F.3d 1046, 1050 (6th Cir. 1994); *Thiokol Corp. v. Dept. of Treasury*, 987 F.2d 376, 383 (6th Cir. 1993). See also 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

Plaintiff seeks to amend his complaint to add the following defendants: the Ohio Department of Rehabilitation and Correction (ODRC); LeCI Officer Zachary Cherryholmes; and LeCI Officer J. Saylor. Plaintiff also seeks to add new claims against some of the original defendants and claims against the new defendants. Plaintiff further seeks to correct the name of defendant Moore to "Mohr" and to add an additional prayer for relief. Plaintiff's motion to amend should be granted in part and denied in part.

As an initial matter, plaintiff's proposed amended complaint fails to state an actionable claim against the ODRC because the state agency is not a "person" or legal entity that may be sued under § 1983. *See, e.g., McGlone v. Warren Corr. Inst.,* No. 1:13cv126, 2013 WL 1563265, at *3 (S.D. Ohio Apr. 12, 2013) (Bowman, M.J.) (Report & Recommendation) (and numerous cases cited therein) (holding that claims against a state prison and the ODRC should be dismissed at the screening stage because "neither the state prison facility nor the state corrections department is an entity capable of being sued under § 1983"), *adopted*, 2013 WL 2352743 (S.D. Ohio May 29, 2013) (Dlott, J.); *see also Hix v. Tennessee Dep't of Corr.*, 196 F. App'x 350, 355-56 (6th Cir. 2006) (and cases cited therein); *Rodgers v. Michigan Dep't of Corr.*, 29 F. App'x 259, 260 (6th Cir. 2002). *Cf. Will v. Michigan Dep't of State Police*, 491 U.S. 58, 63-64, 71 (1989) (holding that "neither a State nor its officials acting in their official capacities are 'persons'" who may be held liable for constitutional violations in a § 1983 action). Furthermore, to the extent that plaintiff seeks damages in the instant action, the

2

Eleventh Amendment bars plaintiff's cause of action against the state agency defendant. *McGlone*, *supra*, 2013 WL 1563265, at *3 (citing *Rodgers*, 29 F. App'x at 260); *see also Will*, 491 U.S. at 66-71; *Wingo v. Tennessee Dep't of Corr.*, 499 F. App'x 453, 454 (6th Cir. 2012). Therefore, plaintiff's motion to amend to name the ODRC as a defendant should be denied.

Plaintiff alleges that on November 9, 2016, "block officers" entered his cell and destroyed his property "as a form of retaliation and harassment" in violation of Ohio regulations. (Doc. 10, ¶ 21). This claim is wholly conclusory and fails to allege any facts in support of a claim of retaliation. The motion to amend to add this claim should be denied. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (the Court need not "accept as true a legal conclusion couched as a factual allegation").

Plaintiff alleges that on December 29, 2016, defendant Cherryholmes harassed plaintiff using sexually abusive language. He further alleges that on February 2, 2016, defendant Saylor was verbally abusive and called plaintiff several derogatory names. (Doc. 10, ¶¶ 23, 26). The motion to amend the complaint to add these claims should also be dismissed as it is well-settled that "[v]erbal harassment or idle threats by a state actor do not create a constitutional violation and are insufficient to support a section 1983 claim for relief." *Wingo*, 499 F. App'x at 455 (citing *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987)); *see also Violett v. Reynolds*, 76 F. App'x 24, 27 (6th Cir. 2003) (in affirming dismissal of Eighth Amendment claim based on a correctional employee's "alleged offer of sexual favors," the Sixth Circuit stated that "verbal abuse and harassment do not constitute punishment that would support an Eighth Amendment claim").

Plaintiff also complains that his personal property was destroyed after searches of his cell by various corrections officers on November 15, 2016, December 29, 2016 and February 2,

3

2017. (Doc. 10, ¶¶ 22, 23, 26). Plaintiff may not seek relief under § 1983 without first pleading and proving the inadequacy of state or administrative processes and remedies to redress the alleged violation of his due process rights. *See Hudson v. Palmer,* 468 U.S. 517, 533-36 (1984) (extending *Parratt v. Taylor*, 451 U.S. 527, 543-44 (1981), to intentional property deprivations); *see also Jefferson v. Jefferson Cnty. Pub. School Sys.*, 360 F.3d 583, 588 (6th Cir. 2004). Plaintiff has not alleged any facts even remotely suggesting that the tort remedies available under Ohio law are inadequate. *Cf. Bobo v. McCrosky,* No. 1:12cv842, 2013 WL 1721960, at *2-3 (S.D. Ohio Apr. 22, 2013) (Bowman, M.J.) (Report & Recommendation), *adopted*, 2013 WL 2253197 (S.D. Ohio May 22, 2013) (Dlott, J.) (screening dismissal of a complaint challenging the confiscation and destruction of a prisoner's radio and stereo receiver). The motion to amend to add a due process claim for the destruction of plaintiff's personal property should be denied.

Plaintiff also reiterates his claim that he was deprived of meals by defendants Berry, Holley and Ley. (Doc. 10, ¶ 27). Although plaintiff's original complaint alleged plaintiff was deprived of meals on four occasions, the amended complaint alleges a "continuous deprivation of nutrition" by these defendants that has resulted in a weight loss of 40 pounds over the past three months. Liberally construed, plaintiff's proposed amended complaint states a claim for relief under the Eighth Amendment. *See Farmer v. Brennan,* 511 U.S. 825, 832 (1994) (the Eighth Amendment requires prison officials "to provide humane conditions of confinement" and to "ensure that inmates receive adequate food, clothing, shelter, and medical care. . . ."); *Wilson v. Johnson*, 385 F. App'x 319, 320 (4th Cir. 2010) (finding that prisoner stated a cognizable Eighth Amendment claim regarding inadequate nutrition when he asserted that he lost twelve pounds in a month because of inadequate portions). The motion to amend should be granted as to plaintiff's Eighth Amendment claim.

Plaintiff alleges that on November 15, 2016, defendant Bell ordered two officers to go to plaintiff's cell and "tear it the hell up." (Doc. 10, ¶ 22). The officers complied and when plaintiff advised defendant Bell that this was the second time his property had been destroyed by a cell search defendant Bell allegedly stated, "Write me up like you did Lt. Berry then bitch." (*Id.*). Plaintiff alleges that on January 7, 2017, defendant Berry allegedly told him that if he "talks to her, writes her any further kites, or writes one more informal complaint resolution on her that [plaintiff] will 'get f***ed up.'" (Doc. 10, ¶ 25). Defendant Berry also allegedly stated that if plaintiff "even so much as looks at her ever again that he would be 'healing in his cell for the remainder of his time at LeCI.'" (*Id.*). Plaintiff also alleges that on February 2, 2017, defendant Saylor falsely accused plaintiff of possessing multiple identification tags and stated to plaintiff, "You are the one suing everyone. Well, let's see what we can do about that." (Doc. 10, ¶ 26). Defendant Saylor then entered plaintiff's cell and destroyed plaintiff's legal papers, causing plaintiff to reprint his motion and complaints. (*Id.*). Liberally construed, plaintiff's amended complaint may state a viable constitutional claim under 42 U.S.C. § 1983 against defendants Bell, Berry, and Saylor to the extent that plaintiff has suggested in the amended complaint that they have taken various adverse actions against him while acting under color of state law in retaliation for his exercising his First Amendment rights. *See Kennedy v. Bonevelle*, 413 F. App'x 836, 839-40 (6th Cir. 2011). At this stage in the proceedings, without the benefit of briefing by the parties to this action, the undersigned concludes that to the extent that plaintiff is bringing a First Amendment retaliation claim against defendants Bell, Berry, and Saylor such claim is deserving of further development and the motion to amend should be granted in this respect.

Plaintiff further alleges that on December 29, 2016, defendant Cherryholmes confiscated all of plaintiff's religious materials, including plaintiff's personal Christian Bibles valued at $250

5

to $350 and ordered plaintiff to "donate" them to the prison library. Plaintiff states he complied with the directive after defendant Cherryholmes threatened to spray him in the face with pepper spray and "beat the shit" out of him. (Doc. 10, ¶ 24). Plaintiff's motion to amend the complaint should be granted as to plaintiff's claim alleging a violation of his First Amendment right to freely exercise his Christian religion.

Finally, plaintiff alleges that on February 13, 2017, he placed a large legal envelope in the mailbox slot at LeCI which contained documents pertaining to his complaint in this case. He later received a letter from the Clerk of Court stating the post office delivered the envelope to the Clerk "opened, empty, and damaged." (Doc. 10, ¶ 28). *See also* Doc. 6. Plaintiff alleges that his legal mail was opened and stolen or destroyed between the time he placed the envelope in the institution mailbox and its receipt by the Clerk of Court.

In order to state a claim of denial of access to the courts, plaintiff must allege facts indicating he was actually impeded in an existing or contemplated non-frivolous legal proceeding. *Lewis v. Casey*, 518 U.S. 343, 351-53 (1996); *Hadix v. Johnson*, 182 F.3d 400, 406 (6th Cir. 1999). To have standing to pursue an access-to-the-courts claim, plaintiff must "show actual prejudice to non-frivolous claims." *Hadix*, 182 F.3d at 406. *See also Stanley v. Vining*, 602 F.3d 767, 770 (6th Cir. 2010). Plaintiff's proposed amended complaint does not allege that he was actually impeded in this lawsuit or that he was harmed in some other non-frivolous legal proceeding by the alleged destruction or theft of the documents. As plaintiff's allegations are insufficient to state a claim for denial of access to the courts under § 1983, his motion to amend to add this claim should be denied.

Plaintiff's motion to correct the name of defendant Moore to "Mohr" and to add an additional prayer for relief should be granted.

**IT IS THEREFORE RECOMMENDED:**

1. Plaintiff's motion to amend the complaint should be **DENIED** to the extent plaintiff seeks to add:

> (a) the ODRC as a defendant;
> (b) a claim for retaliation based on the events of November 9, 2016;
> (c) a claim of verbal abuse and harassment by defendants Cherryholmes and Saylor;
> (d) a due process claim concerning the destruction of plaintiff's personal property; and
> (e) a denial of access to the courts claim.

2. Plaintiff's motion to amend the complaint should be **GRANTED** as to the following claims:

> (a) Eighth Amendment claim regarding the deprivation of meals by defendants Berry, Holley and Ley;
> (b) First Amendment retaliation claim against defendants Bell, Berry, and Saylor; and
> (c) First Amendment claim alleging a violation of plaintiff's right to freely exercise his Christian religion against defendant Saylor.

3. Plaintiff's motion to correct the name of defendant Moore to "Mohr" and to add an additional prayer for relief should be **GRANTED.**

Date: 3/8/17

Karen L. Litkovitz
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

JAMES SURGENOR,
    Plaintiff,

vs.

GARY MOORE, et al.,
    Defendants.

Case No. 1:16-cv-1179

Black, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), WITHIN 14 DAYS after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections WITHIN 14 DAYS after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).