UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JAMES SURGENOR,                          Case No. 1:16-cv-1179
          Plaintiff,

     vs.                                 Black, J.
                                         Litkovitz, M.J.

GARY MOORE, et al.,                      **ORDER AND REPORT**
          Defendants.                    **AND RECOMMENDATION**

Plaintiff, formerly an inmate at the Lebanon Correctional Institution (LeCI), brings this pro se civil rights action under 42 U.S.C. § 1983. The original complaint against defendants Gary Moore, Thomas Schweitzer, Douglas Luneke, Tyler Ley, Tenet Bell, Brian Holley, and Quillen Berry was filed on February 1, 2017. (Doc. 3). Plaintiff subsequently filed a motion to amend the complaint on March 1, 2017 (Doc. 10), which was granted in part by Order dated December 27, 2017 (Doc. 36). The Order dismissed the claims asserted in the original complaint (Doc. 3) and granted plaintiff's motion to amend the complaint insofar as plaintiff sought to (1) correct defendant Moore's name to "Mohr," and (2) add an Eighth Amendment claim against defendants Ley, Holley and Berry, a First Amendment retaliation claim against defendants Bell, Berry and Saylor, and a First Amendment claim against defendant Zachary Cherryholmes alleging a violation of plaintiff's right to freely exercise his Christian religion.

This matter is now before the Court on the following motions: (1) plaintiff's second and third motions for leave to amend the complaint (Docs. 16, 27); (2) plaintiff's motion to appoint counsel (Doc. 29); (3) plaintiff's motions to compel/motions for production of documents (Docs. 23, 30, 33); and (4) plaintiff's motion for reconsideration (Doc. 31).

**I. Plaintiff's motions to amend the complaint (Docs. 16, 27).**

Pursuant to Fed. R. Civ. P. 15, a party may amend his complaint once as a matter of course within "(A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). If these circumstances are inapplicable, a party "may amend its pleading only with the opposing party's consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Plaintiff has already amended his complaint once and must therefore obtain leave of Court to amend his complaint again under Rule 15.

The grant or denial of a motion to amend under Fed. R. Civ. P. 15(a) is within the discretion of the trial court, and leave to amend a complaint should be liberally granted. *Foman v. Davis,* 371 U.S. 178, 182 (1962). "In deciding whether to grant a motion to amend, courts should consider undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Brumbalough v. Camelot Care Ctrs., Inc.,* 427 F.3d 996, 1001 (6th Cir. 2005). The Court may deny the motion to amend where the complaint, as amended, could not withstand a motion to dismiss. *Miller v. Calhoun County,* 408 F.3d 803 (6th Cir. 2005).

Proposed amendments to a prisoner's complaint must be *sua sponte* reviewed under 28 U.S.C. §§ 1915 and 1915A. In reviewing a pro se prisoner's complaint, courts have generally held that "[u]nrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s] but also to ensure that prisoners pay the required filing fees[.]" *George v. Smith*, 507 F.3d 605, 607 (7th

2

Cir. 2007) (citing 28 U.S.C. § 1915(g)). *See also Hetep v. Warren*, 27 F. App'x 308, 309 (6th Cir. 2001) (citation omitted) (new unrelated claims against new defendants not allowed).

   **a. Second motion to amend the complaint**

   Plaintiff filed his second motion to amend the complaint on March 31, 2017. (Doc. 16). Plaintiff requests leave to designate LeCI Officer J. Saylor by his full name, Jason Saylor. (Doc. 16-1). Plaintiff also seeks to add claims against Schweitzer, Luneke and Mohr. (*Id.*; Doc. 16-1, ¶¶ 29-35). Plaintiff alleges that Schweitzer denied a kite plaintiff sent on March 1, 2017 requesting that all defendants be made "aware that he had filed for temporary injunction and restraining order against them," and that Schweitzer "is in direct authority of LeCI staff at all times and has failed miserably to . . . investigate or substantiate the plaintiff's claims of retaliation against him by defendant Schweitzer's subordinates." (Doc. 16-1, ¶ 29). Plaintiff claims that defendants Schweitzer, Luneke and Mohr "in their official capacity" were made aware that plaintiff was deprived of meals as punishment and retaliation for exercising his First Amendment right to file this complaint, and they were made fully aware of plaintiff's complaints but they refused to act within the scope of their authority to "investigate, find validity to, or disprove" the claims and failed to respond reasonably to the claims. (*Id.*, ¶ 30). Plaintiff alleges that defendants Schweitzer, Luneke and Mohr were negligent, did not comply with their duties as Warden, Deputy Warden and Director to keep plaintiff safe, and ignored the unreasonable risk to plaintiff's health and well-being resulting from his weight loss of 40 pounds in three months. (*Id.*, ¶¶ 31, 32). Plaintiff alleges that his Fourth Amendment rights were violated on March 3, 2017 when Mohr purportedly ordered Schweitzer to search for and copy all documents relating to the complaint against him and officers searched his cell, removed a folder that contained all of

3

plaintiff's legal paperwork pertaining to this case, and then returned the documents 20 minutes later. (*Id.*, ¶¶ 33-35).

Plaintiff's request to amend the complaint to add claims against Schweitzer, Luneke and Mohr should be denied. Plaintiff's previous claims seeking to hold these defendants liable in their supervisory capacity, and based on their alleged failure to take corrective action in response to his grievances and his complaints and to adequately investigate his claims of misconduct, were dismissed from the case on *sua sponte* review by the Court under §§ 1915 and 1915A. (Docs. 4, 36, citing *Wingo v. Tenn. Dep't of Corr.*, 499 F. App'x 453, 455 (6th Cir. 2012) (the doctrine of *respondeat superior* does not apply in § 1983 lawsuits to impute liability onto supervisory personnel)). Plaintiff has not alleged new and relevant factual allegations in support of the previously dismissed claims or any new grounds for bringing these defendants back into the case. Plaintiff again seeks to hold these individuals liable in their supervisory capacity and alleges they failed to investigate and take corrective action in response to his claims of misconduct. Officials whose only roles "involve their denial of administrative grievances and their failure to remedy the alleged [unconstitutional] behavior" cannot be held liable under § 1983. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "In order to find supervisory personnel liable, a plaintiff must allege that the supervisors were somehow personally involved in the unconstitutional activity of a subordinate, or at least acquiesced in the alleged unconstitutional activity of a subordinate." *Id.* (citing *Dunn v. Tennessee*, 697 F.2d 121, 128 (6th Cir. 1982); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984)); *see also Colvin v. Caruso*, 605 F.3d 282, 292 (6th Cir. 2010) (quoting *Cardinal v. Metrish*, 564 F.3d 794, 803 (6th Cir. 2009)). Further, to the extent plaintiff seeks to hold these individuals liable in their official capacities, officials acting in their official capacities are not "persons" who may be held liable

4

for constitutional violations in a § 1983 action. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 63-63, 71 (1989). Finally, insofar as plaintiff alleges that Mohr ordered Schweitzer to search his cell and copy plaintiff's legal documents, plaintiff's claim is not substantiated by factual allegations but is based on speculation regarding whether Mohr ordered the search and whether his legal documents were copied. *See Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007) (the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'")). Further, insofar as plaintiff claims the search was retaliatory, plaintiff does not allege that he was harmed by defendants' actions. *Scott v. Churchill*, 377 F.3d 565, 569 (6th Cir. 2004) (to establish a First Amendment retaliation claim, a prisoner must demonstrate that he suffered an adverse action).

Plaintiff's second motion for leave to amend should be denied insofar as plaintiff seeks to add claims and defendants. Plaintiff's request to amend the complaint to designate LeCI Officer J. Saylor by his full name, Jason Saylor, will be granted.

### b. Third motion to amend the complaint (Doc. 27)

Plaintiff filed his third motion to amend the complaint on July 12, 2017. (Doc. 27). Plaintiff requests leave to designate Quillen Berry as Quinllan Berry. (Doc. 27-1). Plaintiff also seeks leave to add a claim that during a strip search by defendant Cherryholmes on June 8, 2017, defendant verbally harassed plaintiff regarding his sexuality and threatened plaintiff with physical harm if he "wrote [him] up again," which caused plaintiff mental anguish. (*Id.*, ¶ 35). In addition, plaintiff seeks leave to add new claims against new defendants, Officer Patrick Faine and a John Doe officer. Plaintiff alleges that on four dates in June and July 2017, Officer Faine and the John Doe officer violated Ohio administrative rules when they harassed and bullied

plaintiff by calling him derogatory and insulting names and making sexually related comments about him, yelled at plaintiff and cursed him, and told plaintiff this happens when you "write up officers." (*Id.*, ¶¶ 36-37). Plaintiff also claims continued violations of his due process rights by all defendants named in the complaint or by those who may be named in the future for retaliating against him for filing grievances and for failing to supervise individuals who have retaliated against him. (*Id.*, ¶ 38).

Plaintiff's third motion to amend the complaint should be denied. Plaintiff's claims alleging threats and verbal harassment raised in the original complaint were dismissed on *sua sponte* review by the Court under §§ 1915 and 1915A because such allegations do not rise to the level of a constitutional violation and are insufficient to support a § 1983 claim for relief. (Docs. 4, 36). Plaintiff's proposed claims against Officer Faine and the John Doe officer should be dismissed on the same grounds. It is well-settled that "[v]erbal harassment or idle threats by a state actor do not create a constitutional violation and are insufficient to support a section 1983 claim for relief." *Wingo,* 499 F. App'x at 455 (citing *Ivey* v. *Wilson,* 832 F.2d 950, 955 (6th Cir. 1987)); *see also Violett v. Reynolds ,* 76 F. App'x 24, 27 (6th Cir. 2003). Plaintiff's proposed claims against Officer Faine and the John Doe officer likewise do not rise to the level of a constitutional violation. Moreover, plaintiff's claims against the new defendants are not related to the claims alleged in the earlier complaint. (*See* Doc. 10). Therefore, if plaintiff wishes to pursue these claims, he should be required to raise them in a separately filed civil rights complaint. *See George,* 507 F.3d at 607. Finally, it would be futile to allow plaintiff to add his vague catch-all claim for continued due process violations because plaintiff does not make any factual allegations in support of the claim.

Plaintiff's third motion for leave to amend should be denied insofar as plaintiff seeks to add claims and defendants. Plaintiff's request to amend the complaint to designate Quillen Berry as Quinllan Berry will be granted.

## II. Motion to appoint counsel (Doc. 29)

Plaintiff moves to have counsel appointed for him on the grounds he is unable to afford counsel; his imprisonment will greatly hinder his ability to litigate this matter; the issues in this case are complex and will require significant research and investigation, but plaintiff has limited access to the law library and limited knowledge of the law; and counsel would better enable plaintiff to present evidence and cross-examine witnesses in this case, which will likely involve conflicting testimony. (Doc. 29).

This is plaintiff's fourth motion to appoint counsel. The Court will deny plaintiff's motions for the reasons stated in the Court's Order denying plaintiff's prior motions to appoint counsel (Doc. 22) and for the additional reason that plaintiff has been released from prison and is no longer hindered in his ability to litigate this matter by his imprisonment.

## III. Motions to compel/motions for production of documents (Docs. 23, 30, 33)

Plaintiff filed motions to compel/ motions for production of documents on May 25, 2017 (Doc. 23), July 21, 2017 (Doc. 30), and September 8, 2017 (Doc. 33). Plaintiff cannot serve discovery requests until defendants have been served with the summons and complaint. Plaintiff's motions will therefore be denied.

## IV. Motion for reconsideration (Doc. 31)

Plaintiff moves for reconsideration of recommendations made to the District Judge in the screening Report and Recommendations (Docs. 4, 12). The District Judge has issued an Order adopting the recommendations. (Doc. 36). The motion for reconsideration is therefore moot.

## IT IS THEREFORE RECOMMENDED THAT:

(1) Plaintiff's second motion to amend the complaint (Doc. 16) be **DENIED.**

(2) Plaintiff's third motion to amend the complaint (Doc. 27) be **DENIED.**

## IT IS THEREFORE ORDERED THAT:

(1) Plaintiff's requests to re-designate defendants J. Saylor as Jason Saylor and Quillen Berry as

Quinllan Berry are **GRANTED**.

(2) Plaintiff's motion to appoint counsel (Doc. 29) is **DENIED**.

(3) Plaintiff's motions to compel/motions for production of documents (Docs. 23, 30, 33) are

**DENIED**.

(4) Plaintiff's motion for reconsideration is **DENIED** as moot.


Date: 1/11/18

Karen L. Litkovitz
United States Magistrate Judge

8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JAMES SURGENOR,
    Plaintiff,

vs.

GARY MOORE, et al.,
    Defendants.

Case No. 1:16-cv-1179

Black, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).