UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JAMES SURGENOR,
    Plaintiff,

vs.

GARY MOORE, et al.,
    Defendants.

Case No. 1:16-cv-1179

Black, J.
Litkovitz, M.J.

**ORDER**

Plaintiff, an inmate currently incarcerated at the Warren Correctional Institution, brings

this action under 42 U.S.C. § 1983 alleging violations of his civil rights that occurred when he

was an inmate at the Lebanon Correctional Institution. This matter is before the Court on several

pretrial matters.

**I. Plaintiff's motion to modify the docket sheet (Doc. 58)**

Plaintiff requests that the docket sheet be amended to identify "Lt. Bell" as "Tenet Bell."

It is clear from the record that "Lt. Bell" and "Tenet Bell," who plaintiff named as a defendant in

the complaint and identified as a correctional officer and a lieutenant (Doc. 3), are the same

person. It is not necessary to amend the docket sheet.

**II. Plaintiff's motion for leave to file a sur-reply (Doc. 61)**

Plaintiff moves for leave to file a sur-reply to defendants' reply in support of their motion

to dismiss the complaint and for an extension of time to file the sur-reply. Plaintiff generally

asserts that he wants to address discrepancies in defendants' memorandum. The Local Rules

permit the filing of a motion, an opposing memorandum, and a reply, and no additional

memoranda are permitted except with leave of court "for good cause shown." S.D. Ohio Civ. R.

7.2(a). Plaintiff has not shown good cause for filing a sur-reply and his request is therefore denied.

### III. Plaintiff's motion to admit documents into evidence (Doc. 65)

Plaintiff moves the Court to admit copies of grievances and informal complaints into the record. Plaintiff states he wants to submit these documents to prove his claims. It does not appear that plaintiff seeks to file the documents in connection with a pending motion or for any permissible purpose. Plaintiff's motion to admit documents into evidence is therefore denied.

### IV. Plaintiff's requests for discovery (Docs. 66, 67)

Plaintiff has filed requests for production of documents and requests for admissions with the Court. (Docs. 66, 67). Plaintiff must serve his discovery requests on defendants rather than file them with the Court. *See* Fed. R. Civ. P. 34(a) ("A party may serve on any other party a request within the scope of Rule 26(b). . . ."). Plaintiff's requests for discovery are therefore denied.

### V. Plaintiff's motion to appoint counsel (Doc. 68)

Plaintiff moves to have counsel appointed for him on the grounds he is unable to afford counsel; his imprisonment will greatly hinder his ability to litigate this matter; the issues in this case are complex; and plaintiff has extremely limited access to the law library and limited knowledge of the law. (Doc. 68). Defendants oppose plaintiff's motion. (Doc. 70). They argue that plaintiff has not alleged any exceptional circumstances that exist in this case that warrant the appointment of counsel, and they contend that plaintiff's claims are fairly straightforward.

This is plaintiff's sixth motion to appoint counsel. The Court will deny plaintiff's motion for the reasons stated in the Court's prior Orders denying plaintiff's motions to appoint counsel. (Docs. 22, 37, 50).

## VI. Defendants' motion to stay discovery (Doc. 69)

Defendants filed their motion to stay discovery on September 18, 2018. They seek a stay because they have filed a motion to dismiss the complaint on the grounds of qualified immunity, Eleventh Amendment immunity, and failure to exhaust administrative remedies. (Doc. 69). They ask that discovery be stayed until the threshold issue of whether they are entitled to qualified immunity has been resolved by the Court. They allege it would be "needlessly burdensome and cause the improvident use of State resources" to require them to participate in discovery when it is possible they will succeed on their dispositive motion. They argue that no undue prejudice will result if a stay is granted.

"Trial courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999). In evaluating a motion to stay discovery, the court must weigh "the burden of proceeding with discovery upon the party from whom discovery is sought against the hardship which would be worked by a denial of discovery." *Bowens v. Columbus Metropolitan Library Bd. of Trustees*, No. 2:10-cv-219, 2010 WL 3719245, at *1 (S.D. Ohio Sept. 16, 2010) (citing *Ohio Bell Telephone Co., Inc. v. Global NAPs Ohio, Inc.*, No. 2:06-cv-0549, 2008 WL 641252, at *1 (S.D. Ohio March 4, 2008)). Generally, the filing of a case dispositive motion is insufficient to warrant a stay of discovery. *Id.*, at *2. *See also Ohio Bell Telephone Co.*, 2008 WL 641252, at *2 (court denied the defendants' motion to stay discovery despite their pending

motion to dismiss where the issue of subject matter jurisdiction raised in the motion to dismiss was "fairly debatable," it appeared the court might be able to exercise jurisdiction over some of the plaintiff's claims, and the motion to dismiss was not filed until after the case had been pending for 13 months). *See also Williams v. New Day Farms, LLC*, No. 2:10-cv-0394, 2010 WL 3522397, at *2 (S.D. Ohio Sept. 7, 2010) (the argument that a party intends to file or has filed a motion to dismiss is generally insufficient to support a stay of discovery). However, a stay may be appropriate where the dispositive motion raises an issue, such as immunity from suit, "which would be substantially vitiated absent a stay. . . ." *Id*.

The Court finds that under the circumstances presented by this case, a stay of discovery is not appropriate. Defendants raise the defense of failure to exhaust administrative remedies as to only some of plaintiff's claims. Thus, even if this defense has merit, resolution of the issue in defendants' favor would not dispose of the entire case. Further, although defendants assert that they are entitled to qualified immunity, their defense is based on the merits of plaintiff's claims and it is not clear at this stage whether defendants will prevail on the merits of each claim. For these reasons, the Court exercises its discretion to deny defendants' motion to stay discovery pending the disposition of their motion to dismiss

**IT IS THEREFORE ORDERED THAT:**

(1) Plaintiff's motion to amend the docket sheet (Doc. 58) is **DENIED.**

(2) Plaintiff's motion for leave to file a sur-reply and for an extension of time (Doc. 61) is **DENIED.**

(3) Plaintiff's motion to admit documents into evidence (Doc. 65) is **DENIED.**

(4) Plaintiff's requests for discovery (Docs. 66 and 67) are **DENIED.**

(5) Plaintiff's motion to appoint counsel (Doc. 68) is **DENIED**.

(6) Defendants' motion to stay discovery (Doc. 69) is **DENIED**.

Date: 10/26/18

Karen L. Litkovitz
United States Magistrate Judge