# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

JAMES SURGENOR,
Plaintiff,

vs.

GARY MOORE, et al.,
Defendants.

Case No. 1:16-cv-1179

Black, J.
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**

Plaintiff, formerly an inmate at the Lebanon Correctional Institution (LeCI), brings this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff was granted leave to proceed *in forma pauperis* and the original complaint against defendants was filed on February 1, 2017. (Docs. 2, 3). Defendants filed a motion to dismiss the complaint on April 5, 2018. (Doc. 51). Plaintiff filed a response to the motion to dismiss (Doc. 54) and numerous additional motions over the next five months. (Docs. 55, 58, 61, 65, 66, 67, 68). Plaintiff also filed several change of address notices, including a notice in November 2018 stating that he was no longer incarcerated. (Docs. 62, 63, 64, 73).

On February 8, 2019, the undersigned issued a Report and Recommendation which recommended that defendants' motion to dismiss (Doc. 51) be granted in part and denied in part. (Doc. 74). The Report and Recommendation and Notice regarding filing objections was sent to plaintiff by regular mail. The Court issued a Calendar Order, which was also sent to plaintiff by regular mail, on February 25, 2019. (Doc. 76). That envelope was returned to the Clerk on March 11, 2019, marked "Not At This Address" and "RETURN TO SENDER - ATTEMPTED - NOT KNOWN - UNABLE TO FORWARD." (Doc. 78). Plaintiff did not file objections to the Report and Recommendation, and the District Judge adopted the Report and Recommendation on March 15, 2019. (Doc. 79). Plaintiff filed his most recent notice of

change of address with the Court several days later on March 21, 2019. (Doc. 80). Plaintiff has not filed any documents with the Court or taken any action in this case since that date.

Defendants filed a motion to dismiss this case for lack of prosecution pursuant to Fed. R. Civ. P. 41(b) and 37 on September 23, 2019. (Doc. 85). Defendants contend that this case should be dismissed under Fed. R. Civ. P. 41(b) based on plaintiff's failure to prosecute. (Doc. 85 at 3). Defendants further contend that the matter should be dismissed under Fed. R. Civ. P. 37(d)(3) as a sanction for plaintiff's failure to attend his own deposition. (*Id.*, citing Fed. R. Civ. P. 37(b)(2)(A)(v) (dismissal) and (vi) (default judgment)). Defendants assert that counsel filed a Notice of Deposition on August 5, 2019, which informed plaintiff of the date, time, and location of the deposition (Doc. 84), and counsel also mailed the notice to plaintiff at his current address on file with the Court via overnight mail. (Doc. 85 at 2; Exhs. B, C). Counsel states that he verified through the UPS tracking number that the notice was delivered to plaintiff at that address the following day, August 6, 2019. (*Id.*; Exh. D). Plaintiff failed to appear for his deposition as scheduled on August 21, 2019 at 1:00 p.m. at the Office of the Ohio Attorney General in Columbus, Ohio. (Doc. 85 at 2). Plaintiff did not give notice that he would not attend the deposition and did not contact counsel to change the time or location. (*Id.*).

After plaintiff failed to appear for his deposition, counsel called plaintiff at the telephone number on the change of address form filed with the Court and left a voicemail for him at approximately 1:30 p.m. (*Id.*; Doc. 85-5, Depo. Transcript., p. 6). Plaintiff has not contacted counsel since that date about his failure to appear for his deposition. (Doc. 85 at 2). Defendants allege they have been prejudiced by plaintiff's failure to prosecute this matter and

appear for his deposition because they are unable to complete discovery, file a dispositive motion, and defend the case. (*Id*. at 3).

### A. Rule 41(b) Dismissal

Under Rule 41(b), "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action. . . ." Fed. R. Civ. P. 41(b). Though it "is a particularly severe sanction," dismissal of a lawsuit for want of prosecution lies in the district court's discretion. *Bradley J. Delp Revocable Tr. v. MSJMR 2008 Irrevocable Tr.*, 665 F. App'x 514, 520 (6th Cir. 2016) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1996); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45 (1991)). Four factors guide the court's exercise of its discretion:

> (1) whether the party's [conduct] [was] due to willfulness, bad faith, or fault;
> (2) whether the adversary was prejudiced by the dismissed party's conduct;
> (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and
> (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Mager v. Wisconsin C. Ltd.*, 924 F.3d 831, 837 (6th Cir. 2019) (quoting *United States v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002) (quoting in turn *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)).

A party's "conduct is motivated by bad faith, willfulness, or fault" if it shows "either an intent to thwart judicial proceedings" or "a reckless disregard for the effect" of the conduct on the proceedings. *Id*. at 837 (quoting *Carpenter v. City of Flint*, 723 F.3d 700, 705 (6th Cir. 2013) (quoting in turn *Wu v. T.W. Wang*, 420 F.3d 641, 643 (6th Cir. 2005)). *See also Dukes v. All. Data Sys., Inc.*, No. 2:03-cv-784, 2005 WL 8161860, at *2 (S.D. Ohio Sept. 7, 2005). No one factor is dispositive, but the district court may dismiss a case under Rule 41(b) where there is

3

a record of delay or contumacious conduct, *Reyes*, 307 F.3d at 458, meaning conduct that is "perverse in resisting authority and stubbornly disobedient." *Mager,* 924 F.3d at 837 (quoting *Carpenter*, 723 F.3d at 705).

The Court "should be especially hesitant to dismiss for procedural deficiencies where, as here, the failure is by a *pro se* litigant." *Bradley v. Parker*, No. 18-12202, 2019 WL 3934452, at *3 (E.D. Mich. July 19, 2019) (Report and Recommendation), *adopted,* 2019 WL 3892306 (E.D. Mich. Aug. 19, 2019) (quoting *White v. Bouchard*, No. 05-73718, 2008 WL 2216281, at *5 (E.D. Mich. May 27, 2008)). Dismissal is nonetheless appropriate "when a *pro se* litigant has engaged in a clear pattern of delay," *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), and may be warranted if the plaintiff has apparently abandoned his case, *White*, 2008 WL 2216281, at *5 (citations omitted). *Bradley*, 2019 WL 3934452, at *3. The Supreme Court in *Link* affirmed the dismissal of a pro se complaint for failure to prosecute based on this reason, finding that the Court could reasonably infer from the petitioner's absence and the "drawn-out history of the litigation" that "the petitioner had been deliberately proceeding in dilatory fashion." *Link*, 370 U.S. at 633.

The four factors to be considered weigh in favor of dismissal of this lawsuit under Rule 41(b) for want of prosecution. Plaintiff failed to appear for his deposition without contacting defendants' counsel or filing a motion with the Court, despite documentation showing that he received the notice of deposition. Plaintiff has not filed any documents with the Court since March 21, 2019, when he filed his most recent change of address. (Doc. 80). The Court sent plaintiff a notice by regular mail at that address on September 24, 2019, advising him that a motion to dismiss had been filed and that failure to file a response to the motion within 21 days

from the date of service set forth in the certificate of service attached to the motion may warrant dismissal of the case under Fed. R. Civ. P. 41(b) for failure to prosecute. (Doc. 86). The notice was returned as undeliverable. (Doc. 87). Plaintiff has not filed a response to defendants' motion to dismiss the case to date, and he has not kept the Court apprised of his most recent address.

Although it is not clear if plaintiff has failed to prosecute this matter "due to willfulness, bad faith or fault," plaintiff has apparently abandoned the action by failing to respond to the motion to dismiss, update his address with the Court, and attend his deposition or communicate with counsel about the deposition. Defendants cannot be expected to spend additional time and resources defending the action, which has been pending for nearly three years at this point and in which they have invested significant time and resources to date. The first and second factors therefore weigh in favor of dismissal. *See Parker*, 2019 WL 3934452, at *2 (citing *White*, 2008 WL 2216281, at *5).

Further, the Court cautioned plaintiff that his action could be dismissed if he did not respond to defendants' motion to dismiss. (Doc. 86). Plaintiff did not receive either the motion to dismiss or the notice because he failed to keep the Court apprised of his address. (Doc. 87). He has not provided any reason for his failure to respond to the motion and to keep his address updated with the Court. The third factor thus weighs in favor of dismissal. *See White v. City of Grand Rapids*, 34 F. App'x 210, 211 (6th Cir. 2002) (the complaint was subject to dismissal for want of prosecution because the plaintiff failed to keep the district court apprised of his current address); *Bradley*, 2019 WL 3934452, at *2 (citing *Labreck v. U.S. Dep't of Treasury*, No. 11-10155, 2013 WL 511031, at *2 (E.D. Mich. 2013) (Report and

Recommendation) (recommending dismissal based on the plaintiff's failure to comply with the court's orders), *adopted,* 2013 WL 509964 (E.D. Mich. 2013)).

Finally, in light of plaintiff's failure to keep the court apprised of his current address and his apparent abandonment of the lawsuit, lesser sanctions would be futile. *See White*, 2008 WL 2216281, at *5 (there was little purpose in attempting to impose sanctions short of dismissal where certain documents that had been sent to the plaintiff were returned as undeliverable); *Rogers v. Ryan*, No. 16-12735, 2017 WL 5150884, at *2 (E.D. Mich. Nov. 7, 2017) ("A Rule 41(b) dismissal is an appropriate sanction for a pro se litigant's failure to provide the court with information regarding his current address."). The four factors to be considered therefore weigh in favor of dismissing this case for want of prosecution under Rule 41(b).

**IT IS THEREFORE RECOMMENDED THAT:**

1. Defendants' motion to dismiss (Doc. 85) be **GRANTED** and this case be **DISMISSED** with prejudice for want of prosecution pursuant to Fed. R. Civ. P. 41(b).

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of this Court's Order would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Date: 10/25/19

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JAMES SURGENOR,
Plaintiff,

vs.

GARY MOORE, et al.,
Defendants.

Case No. 1:16-cv-1179

Black, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas* v. *Arn,* 474 U.S. 140 (1985); *United States* v. *Walters,* 638 F.2d 947 (6th Cir. 1981).